UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC 3 0 2009
Clerk, U.S. District and
Bankruptcy Courts

Gregory V. Jackson,  )
)
Plaintiff,  )
)
v.  )  Civil Action No.  09 2450
)
B.O.P. F.C.I. Loretto et al.,  )
)
Defendants.  )

## MEMORANDUM OPINION

Before the Court is the plaintiff's pro se complaint and application to proceed in forma pauperis. The application will be granted and the complaint will be dismissed.

Complaints filed by *pro se* litigants are held to less stringent standards than are formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, *pro se* plaintiffs must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8 of the Federal Rules of Civil Procedure, which states the minimum requirements for complaints, requires that a complaint contain a short and plain statement of the grounds upon which federal jurisdiction rests, a short and plain statement showing that the plaintiff is entitled to relief, and a demand for judgment for the relief sought. Fed. R. Civ. P. 8(a). These requirements are designed to provide a defendant with sufficient notice of the claim asserted that he or she may prepare a responsive answer and an adequate defense, and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Further, compliance with Rule 8(a)'s requirements should

provide a court with sufficient information to determine whether it has jurisdiction over the claim.

In this case, plaintiff, who is a former prisoner, invokes 42 U.S.C. § 1983[1] and the Privacy Act to bring this suit against a federal prison facility, the U.S. Probation Office for the District of Columbia, the Office of the U.S. Attorney for the District of Columbia, the United States District Court for the District of Columbia, and one named individual (whose name is mentioned only in the caption and whose last name is not legible). The complaint seeks $5,000 in damages, but does not contain any factual allegations of wrong-doing by any of the defendants identified. The one named individual defendant is not mentioned in the body of the complaint. Similarly, the District Court is not mentioned. As to the other defendants, the complaint does no more than conclusorily state that the "U.S. District Attorneys Office started a vindictive retaliatory campaign" against the plaintiff, and that "the vindictive retaliatory actions have continued by U.S. Probation Office employees." Compl. at 2 (spelling and punctuation altered). The complaint also contains no factual allegation capable of supporting a Privacy Act claim. As drafted, the complaint does not meet the minimum requirements of Rule 8, and will be dismissed for that reason.

In addition, with the exception of the named individual, the plaintiff cannot maintain a damages action for constitutional violations against the identified defendants. A suit for damages against federal officials — which includes the federal prosecutor's office, the federal probation office, and the federal Bureau of Prisons[2] — is the equivalent of a suit against the United States

---

[1] Because the defendants named are federal officials, the claim will be construed as one brought under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

[2] Alternatively, if the intent is to sue the Loretto federal prison facility rather than the Bureau of Prisons, such a suit fails because a federal prison facility is not an entity that may sue or be sued in its own right.

itself. *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985). The United States enjoys sovereign immunity from suit and may be sued only where it has expressly waived its immunity and consented to suit. *FDIC v. Meyer,* 510 U.S. 471, 475 (1994). The United States has not consented to suit for damages for alleged constitutional violations by its officials. *Id.* at 486. Furthermore, absolute judicial immunity insulates the District Court from a damages suit for alleged constitutional violations.

A separate order accompanies this memorandum opinion.

Date: 12/21/09

United States District Judge